THE BANK OF MONROE, RESPONDENT, *v.* SAMUEL FINLAY AND OTHERS, APPELLANTS.

*Usury — State banks — chap.* 163 *of* 1870.

Since the decision of the Supreme Court of the United States in *The Farmers and Mechanics' Bank of Buffalo* v. *Dearing;* a State bank, under the provisions of chapter 163 of 1870 forfeits only the interest where a note has been discounted by it at a usurious rate of interest.

This statute operates retroactively, and takes away the previous penalty for usury.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought by the plaintiff, a bank incorporated under the laws of the State of New York, to recover the amount of a promissory note made by Finlay & Co., dated July 1st, 1872. Finlay's defense was that the note was usurious.

*J. B. Adams,* for the appellants.

*W. F. Cogswell,* for the respondent.

GILBERT, J.:

Usury is now only a partial defense to an action brought upon a promissory note which has been discounted by a State bank. The interest only is forfeited. The recent judgment of the Supreme Court of the United States in *The Farmers and Mechanics' Bank of Buffalo* v. *Dearing,* not yet reported, has effectually exploded the doctrine of our Court of Appeals on this subject, and has established the principle that the usury laws of the States, so far as they apply to national banks, have been superseded by the act of Congress which authorizes the creation of them. (U. S. Rev. Stat., § 5197.) There is, therefore, no longer any reason for withholding the full operation of the act of our own legislature, which provides, as a penalty for usury by State banks, the same consequence as that prescribed by the act of Congress cited, namely, a forfeiture of interest. (Laws of 1870, chap. 163.) This act, also, has put at rest a question often mooted, by declaring that the discount

of a note, or other evidence of debt, payable at another place at not more than the rate of exchange, or a reasonable charge for collecting the same, in addition to the interest, shall not constitute usury.

There can be no doubt that this statute operates retroactively, and takes away the previous penalty, for it .repealed all acts and parts of acts inconsistent with it. No penalty can be enforced after the repeal of the law imposing it, unless saved by express words in the repealing act. (*Curtiss* v. *Leavitt*, 15 N. Y., 229; Cooley's Const. Lim., 373, 374.) Such being the effect of the act of 1870, there is no occasion to examine the evidence to see whether a case of usury under pre-existing laws was made out.

These remarks also dispose of the exceptions taken in the course of the trial.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.